United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-61044
Summary Calendar

FAISAL MOHAMMAD ALI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 977 248
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Faisal Mohammad Ali, a native and citizen of
Pakistan, has petitioned for review of an order of the Board of
Immigration Appeals ("BIA") affirming without opinion the
immigration judge's ("IJ") decision denying Ali's application for
(1) asylum, (2) withholding of deportation, and (3) relief under
the Convention Against Torture ("CAT").

"Although this Court generally reviews decisions of the BIA,
not immigration judges, it may review an immigration judge's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision when, as here, the BIA affirms without additional explanation." Moin v. Ashcroft, 335 F.3d 415, 417 (5th Cir. 2003). "[T]his Court must affirm the decision if there is no error of law and if reasonable, substantial, and probative evidence on the record, considered as a whole, supports the decision's factual findings." Id. Under this standard, "the alien must show that the evidence is so compelling that no reasonable factfinder could conclude against it." Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). This court "cannot substitute [its] judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations." Chun, 40 F.3d at 78. "[G]reat deference" is given to "an immigration judge's decisions concerning an alien's credibility." Efe v. Ashcroft, 293 F.3d 899, 904 (5th Cir. 2002).

The Attorney General, in his discretion, is authorized to grant asylum to aliens who qualify as refugees. 8 U.S.C. § 1158(b)(1). An alien is a refugee when he is outside his country and "is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The alien must prove some nexus between the persecution and one of the five enumerated grounds. INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992).

2

Ali contends that he is eligible for asylum because he is a victim of past persecution and has a well-founded fear of persecution in Pakistan because of his membership in a particular social group. The IJ declined to exercise his discretion to grant asylum because he found that Ali's testimony was not credible and because the testimony was not corroborated by other evidence. The IJ's credibility determination was based on discrepancies between Ali's written application and credible-fear interview and his testimony at the asylum hearing. The IJ gave cogent reasons for finding that Ali was not credible, and his determination that Ali was not credible is amply supported by the record. See Moin, 335 F.3d at 417. As the IJ's credibility determination is supported by substantial evidence, we do not address the IJ's alternative holding that Ali's testimony, if believed, did not demonstrate eligibility for asylum.

To be eligible for withholding of deportation, an alien must demonstrate a "clear probability" of persecution on return, a standard more stringent than that needed to establish eligibility for asylum. Mikhael v. INS, 115 F.3d 299, 306 (5th Cir. 1997). As Ali did not present credible evidence sufficient to establish his eligibility for asylum, no reversible error is presented with respect to the IJ's denial of withholding of deportation.

A claim under the CAT is a separate claim from withholding of deportation and should receive separate analytical attention. Efe, 293 F.3d at 906-07. The CAT requires an alien to show "that it is

3

more likely than not that he or she would be tortured if removed to the proposed country of removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(c)(2). The torture need not be inflicted because of race, religion, nationality, membership in a particular social group, or political opinion. Efe, 293 F.3d at 907. "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person...by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 208.18(a)(2). The petitioner has the burden of proving "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(c)(2).

Ali testified that he had been arrested and detained several times by Pakistani authorities and that he had been beaten during those detentions. The IJ found that Ali had not shown that the physical mistreatment during those arrests was so severe that Ali was entitled to withholding of removal under the CAT. As Ali's testimony was not considered to be credible, there was no credible

4

evidence showing that Ali was likely to be tortured on his return to Pakistan.  Id.  The record does not compel a contrary conclusion.  See Chun, 40 F.3d at 78.  The petition for review of the BIA's order is

DENIED.